**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMANDA CERNY, BRENDA LYNN GEIGER, CLAUDIA SAMPEDRO, JESSICA BURCIAGA, JESSICA KILLINGS, JESSICA ROCKWELL, and PAOLA CANAS,<br><br>Plaintiffs,<br><br>- against -<br><br>DÉJÀ VU RESTAURANT & LOUNGE OF PA LLC d/b/a DÉJÀ VU LOUNGE and OSIRIS GUZMAN,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT** |

Plaintiffs AMANDA CERNY, BRENDA LYNN GEIGER, CLAUDIA SAMPEDRO, JESSICA BURCIAGA, JESSICA KILLINGS, JESSICA ROCKWELL, and PAOLA CANAS, (collectively, "Plaintiffs"), by and through their undersigned counsel, and for their Complaint ("Complaint") against Defendant DÉJÀ VU RESTAURANT & LOUNGE OF PA, LLC d/b/a DÉJÀ VU LOUNGE and OSIRIS GUZMAN (collectively "Defendants") respectfully allege as follows:

**BACKGROUND**

1.      This is an action for damages and injunctive relief relating to Defendants' misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote their night club, DÉJÀ VU LOUNGE located in Allentown, Pennsylvania ("Deja Vu" or the "Club").

2.      As detailed below, Defendants' misappropriation and unauthorized use of Plaintiffs' images, photos and likenesses (collectively, "Images") constitutes: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits both false or misleading

representations of fact in commercial advertising and the false or misleading use of a person's

image for commercial purposes; b) violation of each Plaintiff's common law right of privacy as

pertains to Defendants' appropriation of their likeness; c) violation of Pennsylvania's statutory

right of publicity, 42 Pa. Cons. Stat. § 8316; and d) various common law torts, including

conversion.

3.      In addition to the actual, punitive, and exemplary damages set forth below,

Plaintiffs likewise seek an Order from this Court permanently enjoining Defendants from using

their Images to promote any Club, via any medium.

## JURISDICTION & VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

Plaintiffs have stated claims under, *inter alia*, the Lanham Act, 28 U.S.C. § 1125(a)(1), and

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      As set forth immediately below, Plaintiffs are, and at all times relevant to this

action have been, professional models who reside throughout the United States.

6.      According to publicly available records, Defendant DÉJÀ VU RESTAURANT &

LOUNGE OF PA, LLC is a corporation formed under the laws of the state of Pennsylvania, with

its principal place of business located at 337 – 345 Hamilton Street, Allentown, Pennsylvania

18101. DÉJÀ VU RESTAURANT & LOUNGE OF PA, LLC operates Déjà Vu Lounge which is

located at 343 Hamilton Street, Allentown, Pennsylvania 18101.

7.      Venue is proper in the United States District Court for the Eastern District of

Pennsylvania because Defendant DÉJÀ VU RESTAURANT & LOUNGE OF PA, LLC's

principal place of business is located in Allentown, Pennsylvania.

8.      A significant portion of the alleged causes of action arose and accrued in

Allentown, Pennsylvania and the center of gravity for a significant portion of all relevant events alleged in this Complaint is predominately located in Allentown, Pennsylvania.

## PARTIES

*Plaintiffs*

9.      Plaintiff Amanda Cerny ("Cerny") is a well-known professional model, and a resident of Los Angeles County, California.

10.     Plaintiff Brenda Lynn Geiger ("Geiger") is a well-known professional model, and a resident of Onondaga County, New York.

11.     Plaintiff Claudia Sampedro ("Sampedro") is a well-known professional model, and a resident of Miami-Dade County, Florida.

12.     Plaintiff Jessica Burciaga ("Burciaga") is a well-known professional model, and a resident of Fulton County, Georgia.

13.     Plaintiff Jessica Killings ("Killings") is a well-known professional model, and a resident of Los Angeles County, California.

14.     Plaintiff Jessica Rockwell ("Rockwell") is a well-known professional model, and a resident of Los Angeles County, California.

15.     Plaintiff Paola Cañas ("Cañas") is a well-known professional model, and a resident of Broward County, Florida.

*Defendants*

16.     According to publicly available records, defendant DÉJÀ VU RESTAURANT & LOUNGE OF PA, LLC is formed under the laws of the state of Pennsylvania.  During times relevant to this action, DÉJÀ VU RESTAURANT & LOUNGE OF PA, LLC operated Déjà Vu Lounge in Allentown, Pennsylvania.

17.     According to publicly available records, and upon information and belief, OSIRIS

GUZMAN, in his capacity as principal, owner and/or CEO of DÉJÀ VU RESTAURANT &

LOUNGE OF PA, LLC maintained operational control over Déjà Vu Lounge, including all

advertising relating thereto.

## FACTUAL ALLEGATIONS

18.     As set forth immediately below, each Plaintiff is a well-known professional model

who earns her livelihood modeling and licensing her Images to companies, magazines and

individuals for the purpose of advertising products and services.

19.     Plaintiffs' careers in the modeling industry place a high degree of value on their

good will and reputation, which is critical in order to maximize their earning potential, book

modeling contracts, and establish each of their individual brands.  In furtherance of establishing,

and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and

brands, for which they model.

20.     Each of the Plaintiffs' Images was misappropriated, and intentionally altered, by

one or more of the Defendants in order to make it appear that they worked at, endorsed or were

otherwise associated or affiliated with Deja Vu.

21.     In the case of every Plaintiff, such appearance was false.

22.     Moreover, in every case this misappropriation occurred without any Plaintiff's

knowledge, consent or authorization, at no point did any Plaintiff ever receive any remuneration

for Defendants' improper and illegal use of their Images, and Defendants' improper and illegal

use of Plaintiffs' Images have caused each Plaintiff to suffer substantial damages.

23.     Further, in certain cases Defendants misappropriated Plaintiffs' advertising ideas

(or their licensees') because the Images they misappropriated came from Plaintiffs' own social

media pages, which each Plaintiff uses to market herself to potential clients, grow her fan base, and build and maintain her brand.

***Plaintiffs' Backgrounds and Careers***

24.     Plaintiff Cerny is a fitness professional, television personality, blogger, and model. She was former Playboy Playmate of the Month (October 2011), as well as a cover model for *Health & Wellness Magazine*. She loves to blog about the importance of eating healthy and working out. She is also chairwoman and Founder of Play Foundation, which is a global foundation founded for the purpose of bringing the youth closer to their love of music. Ms. Cerny is very well known throughout the social media world with 4.1 million Vine followers, 2.8 million Instagram followers, 232 thousand YouTube subscribers, 2.3 million Facebook fans, over 360 thousand followers on Snapchat, and 341 thousand Twitter followers.

25.     That we know of, Cerny is depicted in the photos in Exhibit "A" to promote Deja Vu on its Instagram and Facebook pages. This Image was intentionally altered to make it appear that Cerny was either an entertainer working at Deja Vu, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

26.     Cerny has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

27.     Plaintiff Geiger is a professional model and actress who performed with eight-time Grammy nominee rapper Lil Wayne in a music video for two-time Grammy nominee singer Keri Hilson. She is most known for her work in Glamour Magazine and her appearance on "The Howard Stern Show" in a "Miss HTV March" contest. Geiger has appeared in numerous magazines such as *Show, Maxim* and *Raw*, and has modeled for several product campaigns such as Primitive

Clothing, where she currently has her own line of custom skateboard decks.

28.     That we know of, Geiger is depicted in the photos in Exhibit "B" to promote Deja Vu on its Instagram and Facebook pages. This Image was intentionally altered to make it appear that Geiger was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

29.     Geiger has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

30.     Plaintiff Sampedro is a Cuban born model, mother, and spokeswoman. Sampedro moved to Miami when she was 6 years old and at 16, was discovered by Elite models. Sampedro has appeared in many catalogues, and magazine editorials. She has a number of cover credits for magazines such as *Nine 5 Four, Shock, Face to Face* and *Mixed*. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Sampedro is in the Social Media Influencers top class with over a million Instagram followers and a further combined half million fans on Facebook and Twitter. Sampedro is engaged to and has a child with Green Bay's star defensive end Julius Peppers.

31.     That we know of, Sampedro is depicted in the photos in Exhibit "C" to promote Deja Vu on its Instagram and Facebook pages. These Images were intentionally altered to make it appear that Sampedro was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

32.     Sampedro has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no

remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

33.     Plaintiff Jessica Burciaga is a model and a business owner from Orange County, CA. She is of Mexican, French, and Irish descent. Burciaga began modeling in 2005 when she submitted a few photos to *Stuff Magazine*. The magazine responded by flying her out to New York for a photo shoot. After Burciaga's first photo shoot, she won *Stuff Magazine's,* "Neighborhood Knockout," contest.  The prize was $5,000, a 4-page spread in the magazine, and an appearance as a ring girl in EA Sports *Fight Night Round* 3 video game. Burciaga's popularity rose quickly and she began appearing in various magazines including *Playboy, Maxim, Import Tuner, Modified Mag, Performance Auto & Sound, Show Latina, Lowrider Magazine*, and many others. Burciaga was the *Playboy* Playmate of the Month for February 2009 and has appeared as herself in several episodes of the reality TV series *The Girls Next Door*. Recently she has been focusing on various business ventures including a women's online clothing boutique, www.SailorandSaint.com. Burciaga's social media reach has surpassed 1.6 million followers on Instagram, over 49 thousand Facebook likes, and over 192 thousand followers on Twitter.

34.     That we know of, Burciaga is depicted in the photo in Exhibit "D" to promote Deja Vu on its Instagram and Facebook pages. This Image was intentionally altered to make it appear that Burciaga was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

35.     Burciaga has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

36.     Plaintiff Killings is a model and music video star.  She has appeared in a number of popular magazines such as *SHOW, Blackmen, Straight Stuntin, Smooth,* and *Mixed*. Killings has also appeared in several music videos as the lead talent including Far East Movement ft. Snoop Dogg's video "OMG," Slim Thug and Baby Bash's video "Swananana," Big Sean and Chris Brown's video "My Last," Bow Wow's video "Pretty Lady," and Jay Sean ft. Nicki Minaj's video "2012."  Killings has 1.9 million Instagram followers and 53.1 thousand Twitter followers.

Got her start in the industry when a friend introduced her to the editor of Show magazine around 2009.

37.     That we know of, Killings is depicted in the photos in Exhibit "E" to promote Deja Vu on its Instagram and Facebook pages. This Image was intentionally altered to make it appear that Killings was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

38.     Killings has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

39.     Plaintiff Rockwell is a model and actress. She is well known for Angry Video Game Nerd: The Movie (2014), Immigrants (2009), and A Que No Puedes! (2007). She has also appeared on films and tv shows such as, Sons of Anarchy, Entourage, Knight Rider, Heroes and she has done music videos for Nickelback and Baby Bash. Rockwell has done prints as a catalog Model for Dreamgirl Lingerie, No Fear Calendar, and Shift Clothing. Rockwell's modeled for Hooter's Magazine and Calendar, Extreme RC Car Magazine, and Racer X Magazine among others.

40.     That we know of, Rockwell is depicted in the photo in Exhibit "F" to promote Deja Vu on its Instagram page. This Image was intentionally altered to make it appear that Rockwell was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

41.     Rockwell has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

42.     Plaintiff Cañas is a Colombian born model now residing and working in the United States. Cañas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Cañas has worked runway shows in her native Colombia, as well as Mexico, Ecuador, United States, and most recently in Paris, France. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Cañas was chosen as the face of the Masters Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such as Telemundo and TV Azteca. Cañas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Cañas has over 545 thousand Instagram followers, over 10.5 thousand followers on Twitter, and over nine thousand Facebook likes.

43.     That we know of, Cañas is depicted in the photos in Exhibit "G" to promote Deja Vu on its Instagram and Facebook pages. These Images were intentionally altered to make it appear

that Cañas was either an entertainer working at Deja Vu that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

44.     Cañas has never been employed at Deja Vu, has never been hired to endorse Deja Vu, has never been otherwise associated or affiliated with Deja Vu, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendants' Business***

45.     Upon information and belief, Defendants operated, during the relevant time period, Deja Vu, where they engaged in the business of selling alcohol and food in a party-like atmosphere.

46.     Upon information and belief, and in furtherance of its promotion their promotion of Deja Vu, Defendants' own, operate and control Deja Vu's social media accounts, including its Facebook, Twitter, and Instagram accounts.

47.     Defendants used Deja Vu's Facebook, Twitter, and Instagram accounts to promote Deja Vu, and to attract patrons thereto.

48.     Defendants did this for their own commercial and financial benefit.

49.     Defendants have used, advertised, created, printed and distributed the Images of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that each Plaintiff either worked as an entertainer working at Deja Vu, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

50.     Defendants used Plaintiffs' Images and created the false impression that they worked at or endorsed Deja Vu to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations

benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

51.     As Defendants were at all times aware, at no point have any of the above named Plaintiffs ever been affiliated with or employed by Deja Vu and at no point have any of the Plaintiffs ever endorsed Deja Vu, or otherwise been affiliated or associated with Deja Vu.

52.     All of Defendants' activities, including their misappropriation of Plaintiffs' Images, and publication of same, were done without the knowledge or consent of Plaintiffs, and Defendants did not compensate Plaintiffs for their use of their Images.

53.     As such, Plaintiffs have never received any benefit from Defendants' use of their Images.

***Standard Business Practices in the Modeling Industry***

54.     It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

55.     The fee that a professional model, such as each of the Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) the location where the photo shoot takes place, and the length thereof; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned.  Most licenses to use a model's image are for 1, 2, or 3 year terms; but almost never is there a "lifetime" term.

***Defendants' Misappropriation of Plaintiffs' Images***

56.     As detailed above, Defendants knowingly, and without the prior consent of any of

the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote Deja Vu by and through various marketing and promotional mediums including, without limitation, Deja Vu's website, Twitter, Facebook, and Instagram.

57.     Defendants showcased Plaintiffs' Images on Deja Vu's social media pages to create the false impression that Plaintiffs worked at Deja Vu, endorsed, promoted or sponsored same, or were otherwise associated or affiliated with same.

58.     Defendants did so to attract clientele to Deja Vu, promote Deja Vu, and thereby generate revenue for Defendants.

59.     Defendants were aware that, by using Plaintiffs' Images, they were violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at and/or endorsed Deja Vu.

60.     Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

61.     In addition, Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their careers.

62.     This is especially so insofar as each of Plaintiffs' Images have been associated with a night club, and the implication of Defendants' use of Plaintiffs' Images is that they are entertainers, endorse a night club, or are otherwise associated or affiliated with a night club.

63.     At no point were any of the Plaintiffs ever affiliated with Deja Vu, or Defendants.

64.     Each of Plaintiffs' Images was used without her consent.

65.     At no point was any Plaintiff ever contacted by any Defendants, or any representative of any of the Defendants, to request the use of any of Plaintiffs' Images.

66.     No Defendants ever obtained, either directly or indirectly, permission to use any

of Plaintiffs' Images.

67.     No Defendants ever paid any Plaintiff for its use of her Images on any promotional materials, including Deja Vu website, Twitter, Facebook, or Instagram accounts.

68.     By using the Plaintiffs' image and likeness, Defendants did not use their own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their club to the public.

69.     Defendants used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

70.     Upon information and belief, Defendants have taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiffs.

### FIRST CAUSE OF ACTION
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B): False Advertising)**

71.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

72.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendants, and protect Plaintiffs from the conduct described hereon.

73.     As set forth hereon, each advertisement at issue in this action were false and misleading because no Plaintiff ever worked at Deja Vu, or agreed to appear in Deja Vu's advertisements.

74.     Given the false and misleading nature of the advertisements, they had the capacity to deceive consumers and, upon information and belief, did so deceive consumers.

75.     Upon information and belief, said deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Deja Vu.

- 13 -

76.     Insofar as Defendants' published these false and misleading advertisements on the internet, they had the capacity to affect interstate commerce, and, upon information and belief, did so affect interstate commerce.

77.     Despite the fact that Defendants were at all times aware that the Plaintiffs neither worked at, nor endorsed the Club, Defendants nevertheless used Plaintiffs Images in order to mislead potential customers as to Plaintiff's employment at and/or affiliation with the Club.

78.     Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship and/or employment at the Club.

79.     Upon information and belief, Defendants use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs employment at and/or endorsement of the Club, and the goods and services provided by the Club.

80.     Due to Defendants unauthorized use of Plaintiffs' Images in order to create a false advertisement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

<u>SECOND CAUSE OF ACTION</u>
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A): False Association)**

81.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

82.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendants, and protect Plaintiffs from the conduct described hereon.

83.     Defendants used Plaintiffs Images in order, *inter alia*, to create the false impression with the public that Plaintiffs were affiliated, connected, or associated with Deja Vu, or worked at, sponsored, or approved of Deja Vu's goods, services or commercial activities.

84.     This was done to promote and attract clientele to Deja Vu, and thereby generate

- 14 -

revenue for the Defendants.

85.     Thus, this was done in furtherance of Defendants' commercial benefit.

86.     Despite the fact that Defendants were at all times aware that the Plaintiffs were neither affiliated, connected or associated with Deja Vu, nor worked at, sponsored, or approved of Deja Vu's goods, services or commercial activities, Defendants nevertheless used Plaintiffs Images in order to mislead potential customers as to Plaintiff's employment at and/or affiliation with Deja Vu.

87.     Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association and/or employment at the Club.

88.     Upon information and belief, Defendants use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs employment at and/or endorsement of the Club, and the goods and services provided by the Club.

89.     Due to Defendants unauthorized use of Plaintiffs' Images in order to create a false endorsement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### THIRD CAUSE OF ACTION
### (Right of Privacy)

90.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

91.     As set forth hereon, Defendants have violated each Plaintiff's common law right to privacy under Pennsylvania law.

92.     Defendants have done so by appropriating each Plaintiff's likeness for commercial purposes without authority or consent.

93.     Defendants invaded and violated Plaintiffs' privacy and misappropriated their likeness by publishing their Images on Deja Vu's website or related social media accounts as part of Defendants' advertising campaign.

94.     At all relevant times, Deja Vu's website and social media accounts were used and operated by Defendants for advertising and trade purposes.

95.     Deja Vu's website and social media accounts were designed to attract business to the Club and generate revenue for Defendants.

96.     Plaintiffs are informed and believe and hereon allege that the manner in which Defendants posted and publicized their image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendants published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

97.     Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendants' republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

98.     Plaintiffs are informed and believe and hereon allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

99.     Upon information and belief, Defendants use of Plaintiffs' Images did in fact attract clientele and generate business for Deja Vu.

100.    At no point did any Defendants ever receive permission or consent to use any Plaintiff's Image on their website or social media account.

101.    Defendants were at all relevant times aware that they never received any Plaintiffs' permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote the Club.

102.    At no point did Defendants ever compensate Plaintiffs for its use of their Images.

103.    No applicable privilege or authorization exists for Defendants' use of Plaintiffs' Images.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Right of Publicity, Unauthorized Use of Name or Likeness: 42 Pa. Cons. Stat. § 8316)**

104.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

105.    As set forth hereon, each Plaintiff has and had at the time of Defendants' misappropriation a commercial interest in her image, photo, persona and likeness.

106.    Said commercial interest was developed by each Plaintiff through her investment of time, effort and money in her career, image, persona and likeness.

107.    As set forth herein, Defendants used each Plaintiff's image and likeness for commercial purposes by using same in Deja Vu advertising.

108.    Defendants did so without any Plaintiff's consent, written or otherwise.

109.    Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendants' republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

110.    Plaintiffs are informed and believe and hereon allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

- 17 -

111.    Defendants were at all relevant times aware that they never received any Plaintiffs' permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote the Club.

112.    At no point did Defendants ever compensate Plaintiffs for its use of their Images.

113.    No applicable privilege or authorization exists for Defendants' use of Plaintiffs' Images.

**FIFTH CAUSE OF ACTION**
**(Common Law Right of Publicity)**

114.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

115.    As set forth hereon, each Plaintiff has and had at the time of Defendants' misappropriation a commercial interest in her image, photo, persona and likeness.

116.    Said commercial interest was developed by each Plaintiff through her investment of time, effort and money in her career, image, persona and likeness.

117.    As set forth herein, Defendants used each Plaintiff's image and likeness for commercial purposes by using same in Deja Vu advertising.

118.    Defendants did so without any Plaintiff's consent, written or otherwise.

119.    Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendants' republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

120.    Plaintiffs are informed and believe and hereon allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

- 18 -

121.     Defendants were at all relevant times aware that they never received any

Plaintiffs' permission or consent to use their Images on any website or social media account, or

on any other medium, in order to promote the Club.

122.     At no point did Defendants ever compensate Plaintiffs for its use of their Images.

123.     No applicable privilege or authorization exists for Defendants' use of Plaintiffs'

Images.

**SIXTH CAUSE OF ACTION**
**(Negligence and *Respondeat Superior*)**

123.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the

preceding paragraphs as if fully set forth hereon.

124.     Plaintiffs are further informed and believe and hereon allege that Defendants

maintain or should have maintained employee policies and procedures which govern the use of

intellectual property, publicity rights, and/or the image and likeness of individuals for

promotional and advertising purposes which specifically prevent the *unauthorized and non-

consensual* use of intellectual property, publicity rights and/or the image and likeness of

individuals for promotional and advertising purposes.

125.     Further, Defendants should have maintained, or failed to maintain, policies and

procedures to ensure that their promotional and/or advertising materials and campaigns were not

deceptive or misleading in their advertising practices.

126.     Defendants owed a duty of care to Plaintiffs to ensure that their advertising and

promotional materials and practices did not infringe on their property and publicity rights.

127.     Defendants further owed a duty of care to consumers at large to ensure that their

promotional and/or advertising materials and campaigns were not deceptive or misleading in

their advertising practices.

128.    Defendants breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

129.    Defendants further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Pennsylvania law, were not violated.  Defendants breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

130.    Defendants' breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

131.    As a result of Defendants' negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Conversion)

132.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

133.    Each Plaintiff is, and at all relevant times were, the exclusive owners of all right, title and interest in their Images, and have property interests thereon.

134.    By the conduct detailed above, Defendants converted Plaintiffs' property rights in their Images for their own use and financial gain Images for its own use and financial gain.

135.    As a result of Defendants' unlawful conversion of Plaintiffs' Images, and publication of same, Plaintiffs have suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

136.    Plaintiffs hereby repeat and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

137.    As set forth in detail above, Defendants published Plaintiffs' Images in order to promote the Clubs to the general public and potential clientele.

138.    Defendants' publication was for the purpose of creating a false impression to the general public that Plaintiffs were either entertainers working at the Clubs, or endorsed the Clubs.

139.    Defendants' purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

140.    Upon information and belief, Defendants did in fact benefit commercially due to their unauthorized use of Plaintiffs' Images.

141.    Defendants have been enriched by their unauthorized control over, and publication of, Plaintiffs' Image because said publication has assisted Defendants in attracting clientele to their Clubs.

142.    Plaintiffs have not been compensated for Defendants' commercial exploitation of their Images, and thus any financial benefit which Defendants received due to said exploitation is unjust.

143.    As such, Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (Quantum Meruit)

144.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

145.    Plaintiffs are each internationally known models who earn their livings appearing

- 21 -

in, *inter alia*, commercials, advertisements, and publications on behalf of companies and brands.

146.    Companies and brands that choose to hire Plaintiffs compensate them for their appearances.

147.    Although Defendants have availed themselves of the benefit of being associated with Plaintiffs, and making it appear to potential customers that Plaintiffs either work at their Club, endorse their Club, or are otherwise affiliated with their Club, Defendants have not compensated Plaintiffs.

148.    Plaintiff is therefore entitled to reasonable compensation for the Clubs' unauthorized use of their Images.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request Judgment in their favor and against Defendants as follows:

(a)    For actual damages, in an amount to be determined at trial, relating to Plaintiffs' first through tenth causes of action;

(b)    For an order permanently enjoining Defendants from using Plaintiffs' Images to promote the Club;

(c)    For punitive damages, in an amount to be determined at trial pursuant to the Lanham Act, 15 U.S.C. § 1117;

(d)    For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117; and,

(e)    For such other and further relief as the Court may deem just and proper.

Dated: June 30, 2021

THE PLAINTIFFS, AMANDA CERNY,
BRENDA LYNN GEIGER, CLAUDIA
SAMPEDRO, JESSICA BURCIAGA,
JESSICA KILLINGS, JESSICA
ROCKWELL, and PAOLA CANAS,


/s/ Hillary B. Weinstein
FIRST LAW STRATEGY GROUP, LLC
Hillary B. Weinstein, Esq. (PA ID. 209533)
121 S. Broad Street, Suite 300
Philadelphia, PA 19107
T: (215) 258-4700
F: (215) 258-4777
hweinstein@firstlawstrategy.com

and


/s/ John V. Golaszewski
John V. Golaszewski
The Casas Law Firm, PC
1740 Broadway, 15th Floor
New York, New York
T: 646-872-3178
F: 855.220.9626
john@talentrights.law
*Pro Hac Vice Application Forthcoming